UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| LAKESHA NORINGTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:12-CV-234 WL |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Lakesha Norington, a *pro se* prisoner, filed an amended habeas corpus petition challenging her prison disciplinary proceeding which was held on September 8, 2011, at the Westville Correctional Facility. At that hearing (WCU 11-08-0586), the Disciplinary Hearing Body (DHB) found him guilty of Disorderly Conduct in violation B-236. Specifically, she was charged with having flooded her cell by placing a styrofoam cup in her toilet and then flushing the toilet repeatedly. Ms. Norington was demoted from credit class I to credit class II.[1] She lists four grounds in her petition.

First, she argues that she was falsely accused of this offence which she did not commit. Though she argues that this violates prison policy, "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Therefore it is irrelevant in this proceeding whether the DHB violated prison policy.[2] "[P]risoners are entitled to be free from arbitrary actions

---

[1] Ms. Norington was also sanctioned with punishments which did not lengthen the duration of her confinement, but they are not relevant to this proceeding. *See Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000).

[2] Throughout her petition, Ms. Norington argues that various prison policies were violated. Because the violation of a prison policy is not a basis for habeas corpus relief, it is unnecessary to individually address those claims under each ground. Rather the court will merely address the factual basis of each ground to determine whether Ms.

of prison officials, but . . . even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999). Thus, the allegation that the conduct report was false or vindictive is not proof of a due process violation nor an independent basis for habeas corpus relief.

     Second, Ms. Norington argues that she was denied the opportunity to present evidence at her hearing. *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974) requires that an inmate be permitted to submit relevant, exculpatory evidence. However, "prisoners do not have the right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary." *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002). Ms. Norington argues that she wanted to submit a photograph of the styrofoam cup in the toilet. Because no such photograph existed, it was impossible to do so. Moreover, if such a photograph existed, it would not be exculpatory. Next, she wanted to submit something she calls an "Evidence Record." It appears that she wanted a list of all of the evidence against her. At the hearing, the evidence was presented. Having a list of the evidence separately presented at the hearing would have been meaningless. Next, she says she wanted a video review. Though she argues that she was denied a video review, the report of the disciplinary hearing states that a video report was reviewed. See ECF 9-1 at 11. Therefore there is no basis for finding that she was denied a video review. Finally, she requested statements from officers and inmates from C1-107. She did not name any officers or inmates and the Conduct Report does not indicate that there were any witnesses. ECF 9-1 at 2. Nevertheless, the screening report (ECF 9-1 at 4) indicates that requests were sent to inmates on 9-1-11 and the record shows that two inmate statements were obtained. ECF 9-1 at 6 and

---

Norington is entitled to habeas corpus relief for a violation "the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

7. However, neither statement indicates that either inmate had any personal knowledge of this incident. Based on these facts, there is no basis for finding that Ms. Norington was denied access to witness statements.

Third, Ms. Norington argues that she was entitled to a three member disciplinary hearing body. She argues that because the DHB had only one member, that the finding of guilt is infirm. Though *Wolff* requires an impartial decision maker, it does not require a multi-member rather than a single-member factfinder. Though many such hearings have had three member boards, it would be irrational for the Constitution impose such a requirement given that both federal and state criminal trials (even death penalty proceedings) only require a single judge.

Fourth, Ms. Norington argues that the sanctions imposed are excessive for two reasons. First she says that they are excessive because the charges were false and therefore she should not have received any punishment. As previously discussed, "the protection from such arbitrary action is found in the procedures mandated by due process." *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999). Because Ms. Norington has not demonstrated a due process violation, this is not a basis for habeas corpus relief. Second, she argues that Executive Directive 09-07 does not permit a reduction in credit class for a Class B disciplinary violation. Though true, that policy was superceded by Policy 02-04-101 which became effective on September 1, 2010, and remains in force today. Indiana Department of Correction, Policies and Procedures, The Disciplinary Code for Adult Offenders in the Department of Correction, Policy 02-04-101 at 37, http://www.in.gov/idoc/files/02-04-101_AP__4-30-10.pdf. Thus, there is no merit to Ms. Norington's claim that her Class B disciplinary violation which occurred on August 24, 2011, was not subject to a demotion in credit class.

For the foregoing reasons, the amended habeas corpus petition is **DENIED** pursuant to SECTION 2254 HABEAS CORPUS RULE 4.

SO ORDERED.

ENTERED: September 26, 2012

                                                  s/William C. Lee
                                                 William C. Lee, Judge
                                                 United States District Court